UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT B. MCKAY,  :
    Plaintiff,  :
  :
v.  :    3:13-cv-00851-WWE
  :
BOARD OF TRUSTEES OF COMMUNITY  :
COLLEGES,  :
    Defendant.  :

# MEMORANDUM OF DECISION ON DEFENDANT'S
# MOTION FOR SUMMARY JUDGMENT

Plaintiff Robert. B. McKay ("McKay") alleges that defendant Board of Trustees of Community Colleges ("the Board") discriminated against him because of his gender by denying him the opportunity for a job interview. The Board has filed a motion for summary judgment. For the following reasons, the Board's motion will be granted.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

1

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

McKay applied for a "Career Specialist" position at Quinebaug Valley Community College and was not selected for an interview. The Board contends that McKay cannot show that its decision was based on gender. Indeed, the Board selected four female and two male candidates for interviews. McKay argues that he is more qualified than either of the female candidates who were interviewed and hired by defendant.

To support a failure to hire claim, a plaintiff must first make out a prima facie case of discrimination by showing that (1) he is a member of a protected class, (2) he was qualified for the job for which he applied, (3) he was denied the job, and (4) the denial occurred under circumstances that give rise to an inference of invidious discrimination. See Vivenzio v. City of Syracuse, 611 F.3d 98, 106 (2d Cir. 2010). The burden then shifts to the employer to demonstrate a nondiscriminatory reason for the decision. Id. A plaintiff must then adduce admissible evidence sufficient to permit a rational fact finder to find that the employer's proffered reason is pretext for intentional discrimination. Id. In other words, a plaintiff's evidence must be sufficient for a reasonable jury to decide in his favor. Nabisco, Inc. v Warner- that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

A plaintiff cannot rely on "purely conclusory allegations of discrimination, absent any concrete particulars," otherwise a trial would be necessary in all Title VII cases, regardless of the

2

merits of the claims. See Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985). Moreover, the mere fact that the Board hired people of a different gender does not suggest that it failed to hire plaintiff *on account of his gender*. See Riddle v. Citigroup, 2014 WL 2767180 at *3 (S.D.N.Y. May 29, 2014). Nevertheless, plaintiff is not required to produce direct evidence of discrimination and may rely entirely on circumstantial evidence. See Norton v. Sam's Club, 145 F.3d 114, 119 (2d Cir. 1998). As the Second Circuit has explained:

> The entry into a house by a person wearing a wet raincoat and holding a wet, open umbrella may well be more reliable evidence of the climate than statements of a person inside the house looking out a window.

U.S. v. Sureff, 15 F.3d 225, 229 (2d Cir. 1994).

Presuming that plaintiff met his burden of establishing a prima facie case, the Board has come forward with nondiscriminatory bases for its decision to deny plaintiff an interview. Plaintiff's job application package was incomplete. It is undisputed that on the fillable application form, plaintiff failed to answer prominently displayed questions regarding whether his employment had been involuntarily terminated within the last 10 years and whether he had ever been convicted of a criminal offense. None of the applicants selected for interview omitted answers to these questions. Moreover, plaintiff's resume was perceived to be outdated, as the most recent job listing was from 1973. The Board also faulted plaintiff for failing to provide evidence of information technology ("IT") skills. Finally, plaintiff did not discuss how his background met the minimum qualifications for the job, namely experience with case management in the criminal justice field. In contrast, the two women whom the Board eventually hired both had experience providing transitional services for inmates and ex-offenders. The Board maintains that gender was not a consideration when the Search Committee made the decision not to interview plaintiff for the Career Specialist position.

3

The court notes that plaintiff failed to comply with Federal Rule 56(c) and Local Rule 56(a)3, which require a party asserting that a fact is genuinely disputed to support the assertion by citing to materials in the record that would be admissible at trial. Plaintiff simply denies certain of defendant's 56(a)1 numbered paragraphs, without explanation or citation, leaving the court in the dark as to the bases of plaintiff's denials. Plaintiff's conclusory "disputed issues of material fact" statement also fails to cite to the record. For example, plaintiff simply provides: "Plaintiff is far more qualified for the jobs than either of the successful female candidates." Pl.'s Resp. at 19 [ECF No. 109].

> Failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming admitted certain facts that are supported by the evidence in accordance with Local Rule 56(a)1, or in the Court imposing sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and when the opponent fails to comply, an order granting the motion if the motion and supporting materials show that the movant is entitled to judgment as a matter of law.

Local Rule 56(a)3

> In order to defeat a summary judgment motion that is properly supported by affidavits, depositions, and documents as envisioned by Fed.R.Civ.P. 56(e), the opposing party is required to come forward with materials envisioned by the Rule, setting forth specific facts showing that there is a genuine issue of material fact to be tried. He cannot defeat the motion by relying on the allegations in his pleading, *see id.,* or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible, *see, e.g., L & L Started Pullets, Inc. v. Gourdine,* 762 F.2d 1, 3–4 (2d Cir.1985); *Wyler v. United States,* 725 F.2d 156, 160 (2d Cir.1983). The motion "will not be defeated merely ... on the basis of conjecture or surmise." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996).

To prevail on his disparate treatment claim, plaintiff is required to prove that the Board had a discriminatory intent or motive. Nweze v. New York City Transit Authority, 115 Fed. Appx. 484, 485 (2d Cir. 2004). But given defendant's reasonable explanation for its decision,

plaintiff has not come forward with adequate evidence of unlawful intent or motive.  Plaintiff relies virtually exclusively on his argument that he was more qualified than the women whom defendant eventually chose to hire, but there is no legal requirement that the most qualified candidate be hired:

> Title VII does not require that the candidate whom a court considers most qualified for a particular position be awarded that position; it requires only that the decision among candidates not be discriminatory. When a decision to hire, promote, or grant tenure to one person rather than another is reasonably attributable to an honest even though partially subjective evaluation of their qualifications, no inference of discrimination can be drawn.  Indeed, to infer discrimination from a comparison among candidates is to risk a serious infringement of first amendment values.  A university's prerogative to determine for itself on academic grounds who may teach is an important part of our long tradition of academic freedom.

Lieberman v. Grant, 630 F.2d 60, 67 (2d Cir. 1980).  Accordingly, defendant's motion for summary judgment will be granted.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [ECF No. 102] is GRANTED.  The Clerk is instructed to close this case.

Dated this 28th day of September, 2017, at Bridgeport, Connecticut.

       /s/Warren W. Eginton
       WARREN W. EGINTON
       SENIOR UNITED STATES DISTRICT JUDGE